O. Andrew Wheaton (# 151811)
awheaton@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CYNTHIA A. ZIEMER,

Plaintiff,

v.

WELLS FARGO BANK, N.A., CAL-WESTERN RECONVEYANCE CORPORATION and DOES 1 through 20, inclusive, and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs' title, or cloud on Plaintiffs' title thereto, named as DOES 21-100, inclusive,

Defendants.

CASE NO.: 2:14-cv-01334-RGK-JCG

DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Date: May 5, 2014
Time: 9:00 a.m.
Ctrm: 850

[Assigned to the Honorable R. Gary Klausner]

TO PLAINTIFF CYNTHIA A. ZIEMER AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on May 5, 2014, at 9:00 a.m. in Courtroom 850 of the above-entitled Court located at 255 East Temple Street, Los Angeles, California, 90012, Honorable R. Gary Klausner presiding, defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB ("Wells Fargo") will

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

and hereby does move the Court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted, specifically:

1. First Claim for Relief: Injunctive Relief

Plaintiff fails to state a claim for relief because injunctive relief is a remedy, not a claim for relief.

2. Second Claim for Relief: Declaratory Relief

Plaintiff fails to state a claim for relief because declaratory relief cannot stand as an independent claim for relief.

3. Third Claim for Relief: Quiet Title

Plaintiff fails to state a claim for relief because plaintiff failed to allege a valid and viable tender of the indebtedness.

4. Fourth Claim for Relief: Intentional Infliction of Emotional Distress

Plaintiff fails to state a claim for relief because Wells Fargo did not engage in conduct that was extreme or outrageous going beyond all bounds of decency.

5. Fifth Claim for Relief: Negligent Infliction of Emotional Distress

Plaintiff fails to state a claim for relief because Wells Fargo did not owe plaintiff a tort duty of care.

6. Sixth Claim for Relief: Negligence

Plaintiff fails to state a claim for relief because Wells Fargo did not owe plaintiff a tort duty of care.

7. Seventh Claim for Relief: Deceit – Promise Made Without Intent to Perform

Plaintiff fails to state a claim for relief because: (i) plaintiff failed to plead a false representation of a past or existing material fact; (ii) Wells Fargo did not owe plaintiff a fiduciary duty, which is essential to a concealment claim; and (iii) the claim was not pled with specificity.

8. Eighth Claim for Relief: Deceit - Intentional Misrepresentation

Plaintiff fails to state a claim for relief because: (i) plaintiff failed to plead a false representation of a past or existing material fact; (ii) Wells Fargo did not owe plaintiff a fiduciary duty, which is essential to a concealment claim; and (iii) the claim was not pled with specificity.

9. Ninth Claim for Relief: Fraud and Deceit – Suppression of Material Facts

Plaintiff fails to state a claim for relief because: (i) plaintiff failed to plead a false representation of a past or existing material fact; (ii) Wells Fargo did not owe plaintiff a fiduciary duty, which is essential to a concealment claim; and (iii) the claim was not pled with specificity.

10. Tenth Claim for Relief: Fraud and Deceit – Negligent Misrepresentation

Plaintiff fails to state a claim for relief because: (i) plaintiff failed to plead a false representation of a past or existing material fact; (ii) Wells Fargo did not owe plaintiff a fiduciary duty, which is essential to a concealment claim; and (iii) the claim was not pled with specificity.

11. Eleventh Claim for Relief: Promissory Estoppel

Plaintiff fails to state a claim for relief because: (i) plaintiff failed to allege a clear and enforceable promise; and (ii) plaintiff failed to allege justifiable reliance.

12. Twelfth Claim for Relief: Violation of Business & Professions Code § 17200

Plaintiff fails to state a claim for relief because: (i) plaintiff failed to plead particular facts showing ongoing unlawful, unfair, and fraudulent business acts by Wells Fargo; and (ii) plaintiff lacks standing because she failed to plead injury in fact or that she lost money or property resulting from any actions of Wells Fargo in violation of the Unfair Competition Law.

In the alternative to its motion to dismiss, Wells Fargo hereby moves for an order directing plaintiff to file a more definite statement of her claims pursuant to Federal Rule of Civil Procedure 12(e), as the complaint is vague and ambiguous and fails to comply with Federal Rule of Civil Procedure 8(a)(2).

This motion is based on this notice of motion, the Memorandum of Points and Authorities, Request for Judicial Notice, the Court's records in this matter, the arguments of the parties and counsel, and other evidence and argument that may be presented prior to the Court's decision on the motion.

**Compliance with Local Rule 7-3.** Prior to filing this motion, attempts were made to conduct a conference of counsel pursuant to L.R. 7-3. In particular, on February 21 and 24, 2013, unsuccessful attempts were made to meet and confer with opposing counsel to discuss the substance Wells Fargo's contemplated motion. Wells Fargo's counsel's efforts under Local Rule 7-3 failed to yield a resolution of the issues in dispute.

Respectfully submitted,

Dated: February 27, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ O. Andrew Wheaton
O. Andrew Wheaton
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

1. INTRODUCTION .......... 1

2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS .......... 1

   A. The Loan. .......... 1

   B. Default on the Loan and Her Effort To Modify The Loan. .......... 1

   C. Plaintiff's Initial Action. .......... 1

   D. Plaintiff's Bankruptcy Case. .......... 2

   E. The Current Action. .......... 3

3. INJUNCTIVE RELIEF IS NOT AN INDEPENDENT CLAIM .......... 3

4. PLAINTIFF'S CLAIM FOR A DECLARATORY RELIEF FAILS FOR LACK OF AN INDEPENDENT CLAIM SUPPORTING SUCH RELIEF .......... 3

5. QUIET TITLE FAILS BECAUSE WELLS FARGO HAS STANDING TO FORECLOSE AND PLAINTIFF FAILED TO TENDER HER INDEBTEDNESS .......... 4

   A. Wells Fargo Owns The Loan And Has The Legal Right To Foreclose. .......... 4

   B. Plaintiff's Securitization Allegations Do Not Support Her Claims. .......... 5

   C. Plaintiff Failed To Tender The Indebtedness. .......... 8

6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS BECAUSE THE CONDUCT WAS NOT OUTRAGEOUS .......... 8

7. PLAINTIFF'S FIFTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS BECAUSE LENDERS DO NOT OWE THEIR BORROWERS A TORT DUTY OF CARE .......... 9

8. NEGLIGENCE FAILS BECAUSE THE LACK OF A SUPPORTING DUTY .......... 11

9. PLAINTIFF'S OVERLAPPING FRAUD CLAIMS (SEVENTH – TENTH) FAIL BECAUSE THEY LACK SPECIFICITY, THEY ARE NOT PREMISED ON MISREPRESENTATIONS OF PAST OR EXISTING MATERIAL FACTS AND THE LACK RELIANCE .......... 11

   A. The Claim Lacks Specificity .......... 13

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

B. Several Of The Challenged Representations Were Not Misrepresentations Of Existing Material Facts. .... 13

C. Plaintiff's Concealment Allegations Are Lacking. .... 14

D. The Absence Of A Duty Is Fatal to Plaintiff's Negligent Misrepresentation Claim. .... 15

10. PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM MUST FALL .... 15

A. Plaintiff Failed To Establish A Clear Promise. .... 16

B. Plaintiff Cannot Establish Justifiable Reliance. .... 16

11. PLAINTIFF'S FINAL CLAIM FOR RELIEF FOR VIOLATION OF BUS. & PROF. CODE § 17200 IS NOT LINKED TO ANY WRONGFUL CONDUCT .... 17

A. Plaintiff Failed To Plead The Required Elements. .... 17

B. Plaintiff Lacks Standing To Assert An Unfair Competition Claim. .... 19

12. PLAINTIFF'S COMPLAINT IS NOT PLED WITH THE REQUISITE DEGREE OF PARTICULARITY .... 19

13. CONCLUSION .... 20

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Am. States Ins. Co. v. Kearns*,
15 F.3d 142 (9th Cir. 1993) ....................4

*Becker v. Wells Fargo Bank, N.A., Inc.*,
2011 U.S. Dist. LEXIS 29687 ....................13

*Camillo v. Washington Mutual Bank, F.A.*,
2009 U.S. Dist. LEXIS 100077 ....................14

*Collier v. Aramark Food Servs.*,
2011 U.S. Dist. LEXIS 78121 (E.D. Cal. July 18, 2011) ....................20

*Commercial Union Ins. Co. v. Walbrook Ins. Co.*,
41 F.3d 764 (1st Cir. 1994) ....................4

*Diunugala v. JP Morgan Chase Bank, N.A.*,
2013 U.S. Dist. LEXIS 144326 ....................8

*Fiedler v. Clark*,
714 F.2d 77 (9th Cir. 1983) ....................4

*Glen Holly Entm't, Inc. vs. Tektronix, Inc.*,
100 F.Supp.2d 1086, 1093-1094 (C.D. Cal. 1999) ....................11, 15

*Guerrero v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ....................16, 17

*Gutierrez v. U.S. Bank, N.A.*,
2013 U.S. Dist. LEXIS 14319 (C.D. Cal. Feb. 1, 2013) ....................6

*Jones v. Community Redev. Agency*,
733 F.2d 646 (9th Cir. 1984) ....................19

*Junger v. Bank of America, N.A.*,
2012 U.S. Dist. LEXIS 23917 ....................7

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ....................19

*Martinez v. Welk Group, Inc.*,
2011 U.S. Dist. LEXIS 58718 (S.D. Cal. June 2, 2011) ....................19

*Melegrito v. CitiMortgage Inc.*,
2011 U.S. Dist. LEXIS 60447 (N.D. Cal. June 6, 2011) ....................17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 U.S. Dist. LEXIS 42333 (E.D. Cal. April 18, 2011) ....................12

*National Union Fire Ins. Co. v. Karp*, 108 F.3d 17 (2d Cir. 1997)....................4

*Newgent v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476 (S.D. Cal. March 2, 2010)....................16

*Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 147562 (E.D. Cal. Oct. 11, 2013) ....................6, 7

*Sandri v. Capital One, N.A. (In re Sandri)*, 2013 Bankr. LEXIS 4663 ....................7

*Shkolnikov v. JPMorgan Chase Bank*, 2012 U.S. Dist. LEXIS 177573 ....................6

*Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98996 ....................7

*Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887 (9th Cir. 1986) ....................3

**STATE CASES**

*Bily v. Arthur Young & Co.*, 3 Cal. 4th 370 (1992) ....................10

*Bogard v. Employer's Cas. Co.*, 164 Cal. App. 3d 602 (1985) ....................9

*Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199 (2006) ....................16

*Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513 (2004) ....................15

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999) ....................18

*Daro v. Superior Court*, 151 Cal. App. 4th 1079 (2007) ....................19

*Eddy v. Sharp*, 199 Cal. App. 3d 858 (1988) ....................11, 15

*Garcia v. World Savs., FSB*, 183 Cal. App. 4th 1031 (2010) ....................15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Girard v. Ball*,
125 Cal. App. 3d 772 (1981) ....................9

*Glaski v. Bank of Am., N.A.*,
218 Cal. App. 4th 1079 (2013). (Compl., p. 8:20-22.) ....................5, 7, 8

*Hall v. Time, Inc.*,
158 Cal. App. 4th 847 (2008) ....................19

*Ingels v. Westwood One Broadcasting Servs., Inc.*,
129 Cal. App. 4th 1050 (2005) ....................17

*Jenkins v. JP Morgan Chase Bank, N.A.*,
216 Cal. App. 4th 497 (2013) ....................5, 6, 8

*Khoury v. Maly's of Cal., Inc.*,
14 Cal. App. 4th 612 (1993) ....................17

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ....................17

*Korean American Legal Advocacy Foundation v. City of Los Angeles*,
23 Cal. App. 4th 376 (1994) ....................3

*Laks v. Coast Fed. Savs. & Loan Assn.*,
60 Cal. App. 3d 885 (1976) ....................16

*Lawson v. Mgmt. Activities*,
69 Cal. App. 4th 626 (1999) ....................10

*Lueras v. BAC Home Loans Servicing, LP*,
221 Cal. App. 4th 49 (2013) ....................11

*Mason v. Drug, Inc.*,
31 Cal. App. 2d 697 (Cal. App. 1939) ....................13

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*,
6 Cal. 3d 176 (1971) ....................14

*Nymark v. Heart Fed. Savs. & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) ....................10, 11, 14

*Perlas v. GMAC Mortg., LLC*,
187 Cal. App. 4th 429 (2010) ....................14, 15

*Potter v. Firestone Tire & Rubber Co.*,
6 Cal. 4th 965 (1993) ....................9

*Poway Royal Mobilehome Owners Ass'n. v. City of Poway*,
149 Cal. App. 4th 1460 (2007) ....................15

*Price v. Wells Fargo Bank*,
213 Cal. App. 3d 465 (1989) ....................10

*Richard P. v. Vista Del Mar Child Care Service*,
106 Cal. App. 3d 860 (1980) ....................13

*Saunders v. Superior Court*,
27 Cal. App. 4th 832 (1994) ....................19

*Shimpones v. Stickney*,
219 Cal. 637 (1934) ....................8

*Siliga v. Mortgage Electronic Registration Sys., Inc.*,
219 Cal. App. 4th 75 (2013) ....................6, 8

*Small v. Fritz Cos., Inc.*,
30 Cal. 4th 167 (2003) ....................15

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*,
49 Cal. App. 4th 472 (1996) ....................10, 11

*Tarmann v. State Farm Mutual Auto Insurance Co.*,
2 Cal. App. 4th 153 (1991) ....................12

*Wagner v. Benson*,
101 Cal. App. 3d 27 (1980) ....................10

*Weiner v. Fleishman*,
54 Cal. 3d 476 (1991) ....................14

*Wilhelm v. Pray, Price, Williams & Russell*,
186 Cal. App. 3d 1324 (1986) ....................12

*Yu v. Signet Bank*,
69 Cal. App. 4th 1377 (1999) ....................9

**FEDERAL STATUTES**

28 U.S.C. § 2201 ....................3

28 U.S.C. §§ 2201, 2202 ....................4

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ....................17, 19

Cal. Civ. Proc. Code § 338(d) ....................18

**RULES**

Fed. R. Civ. P. 8(a)(2) ....................19

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Fed. R. Civ. P. 9(b) ....................11, 12, 19

Fed. R. Civ. P. 12(e) ....................20

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Article III ....................4

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/HR1229/00815598-10

v

CASE NO.: 2:14-CV-01334-RGK-JCG
TABLE OF AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This is the second action brought by plaintiff Cynthia Ziemer, which arises out of a secured loan made by World Savings Bank, FSB ("World Savings") in 2006 to Edmond Atelian and Ms. Ziemer to finance the purchase of a home located in Goleta, California. Now, more than six years after the loan closed, plaintiff contends that the terms of the loan were not fully explained to her and Mr. Atelian and Wells Fargo lacks standing to foreclose on the subject property.

## 2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

### A. The Loan.

On June 30, 2006, plaintiff and Edmond Atelian (06/04/1959 – 05/14/ 2008) borrowed $772,000 from World Savings, which was secured by a Deed of Trust recorded against the real property and improvements commonly known as 5688 Cathedral Oaks Road, Goleta, California 93117 (the "Property"). (Request for Judicial Notice ("RJN"), as Ex. A.)

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB. It subsequently changed its name to Wells Fargo Bank Southwest, N.A., and, in November 2009, merged into Wells Fargo Bank, N.A. ("Wells Fargo"). (RJN, Exs. B, C, D and E.)

### B. Default on the Loan and Her Effort To Modify The Loan.

Following Mr. Atelian's passing, plaintiff defaulted on the loan so, on October 31, 2012, a Notice of Default was recorded. (RJN, Ex. F.) On March 1, 2013, a Notice of Trustee's Sale was recorded, which advised plaintiff that, unless she undertook efforts to protect the Property, it could be sold on March 25, 2013. (RJN, Ex. G.) The trustee's sale was subsequently continued.

### C. Plaintiff's Initial Action.

On March 15, 2013, plaintiff commenced a civil action styled *Cynthia*

*Ziemer v. Wells Fargo Home Mortgage, et al.*, Santa Barbara County Superior Court case number 1416132 (the "Initial Action"). The Initial Action was timely removed to federal court and assigned case number 2:13-cv-02609-GAF-RZ.

In the Initial Action, plaintiff originally alleged that in 2006 "World Savings Bank, FSB did not disclose all the material facts in the alleged agreements." (RJN, Ex. H -- Initial Complaint, ¶ 20.) Despite plaintiff's ostensible attempt to rescind the loan, plaintiff failed to restore the consideration she received pursuant to the loan agreement. Additionally, in her prayer for relief, *inter alia*, plaintiff prayed for "a judgment that Plaintiff Ziemer is the owner in fee simple of the property . . ." (RJN, Ex. H, p. 25:2-3.)

On June 14, 2013, Wells Fargo's motion to dismiss plaintiff's complaint was granted with leave to amend. (RJN, Ex. I – Order granting Wells Fargo's motion to dismiss.) On July 12, 2013, plaintiff amended her complaint and generically pled federal claims premised on the Racketeer Influenced and Corrupt Organizations Act and mail fraud. (RJN, Ex. J.) Trickling into plaintiff's federal claims, was a general challenge to Wells Fargo's standing to foreclose on the subject property.

On December 12, 2013, following plaintiff's failure to file a Third Amended Complaint, the Initial Action was dismissed for lack of prosecution. (RJN, Ex. K – Order dismissing case.)[1]

**D. <u>Plaintiff's Bankruptcy Case.</u>**

On July 30, 2013, a Notice of Sale was recorded, which advised plaintiff that, unless she undertook efforts to protect the Property, it could be sold on August 22, 2013. (RJN, Ex. L.)

On the eve of a scheduled trustee's sale, plaintiff filed for protection pursuant to Chapter 13 of the United States Bankruptcy Code. (RJN, Ex. M.) On

1 Earlier, plaintiff filed a Second Amended Complaint which named two of Wells Fargo's senior executives as defendants.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

November 22, 2013, plaintiff's bankruptcy case was closed based on her failure to appear at the confirmation hearing, and to fully comply with all requirements for plan confirmation. (RJN, Ex. N.)

**E. The Current Action.**

Following the dismissal of her Chapter 13 case, the foreclosure process was restarted. On January 23, 2014, plaintiff commenced this vapid action in a renewed effort to thwart the foreclosure process.

In the current action, plaintiff basically alleges two grievances interspersed throughout her twelve claims for relief. According to plaintiff, "Defendants lack legal standing to conduct and enforce a non-judicial foreclosure because they are not 'holders in due course.'" (Compl., p. 9:14-15.) Secondly, plaintiff alleges that beginning in 2010, Wells Fargo falsely represented to her that it would modify her loan if she submitted the necessary paperwork. (Compl., p. 22:23-24.)

**3. INJUNCTIVE RELIEF IS NOT AN INDEPENDENT CLAIM**

By way of her initial claim for relief, plaintiff purports to assert a claim for injunctive relief. The law is clear that injunctive relief is a remedy, not a separate cause of action. *Korean American Legal Advocacy Foundation v. City of Los Angeles*, 23 Cal. App. 4th 376, 397-398 (1994). "A preliminary injunction is an interim remedy designed to maintain the status quo pending a decision on the merits. It is not, in itself, a cause of action. Thus, a cause of action must exist before injunctive relief may be granted." *Id*. at 397 -398. Standing alone, plaintiff's claim for injunctive relief is not actionable.

**4. PLAINTIFF'S CLAIM FOR A DECLARATORY RELIEF FAILS FOR LACK OF AN INDEPENDENT CLAIM SUPPORTING SUCH RELIEF**

The Declaratory Judgment Act ("DJA") permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201; *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement of the DJA is the same as the "case

or controversy" requirement of Article III of the United States Constitution. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993).

Declaratory relief, however, is a remedy, not an independent cause of action. *See* 28 U.S.C. §§ 2201, 2202; *see also National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997); *Commercial Union Ins. Co. v. Walbrook Ins. Co.*, 41 F.3d 764, 775 (1st Cir. 1994); *Fiedler v. Clark*, 714 F.2d 77,79 (9th Cir. 1983).

By way of her claim for a declaratory relief, plaintiff alleges no new allegations, but instead raises identical issues raised in her subsequent claims for relief. According to plaintiff, "[a]n actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in regards to whether there is an effective and enforceable deed of trust lien on Plaintiff's home." (Compl., p. 16:9-11.) Plaintiff's challenges to Wells Fargo's efforts to foreclose on the Property will rise and fall on her remaining claims.

**5. QUIET TITLE FAILS BECAUSE WELLS FARGO HAS STANDING TO FORECLOSE AND PLAINTIFF FAILED TO TENDER HER INDEBTEDNESS**

An underlying theme of plaintiff's Quiet Title claim is that Wells Fargo lacks standing to foreclose. According to plaintiff, "there were numerous acts and omission to make this foreclosure as a matter of law illegal and void and the whole statutory scheme and plan of securitization has been breached as to deny the mortgage holder the right to foreclose . . ." (Compl., p. 20:7-11.) As demonstrated below, as a matter of law, plaintiff's claim fails.

**A. Wells Fargo Owns The Loan And Has The Legal Right To Foreclose.**

First, contrary to plaintiff's conclusions, which lack any factual basis, judicially noticeable documents show that Wells Fargo owns the loan as World Savings' successor and has the legal right to foreclose. On June 30, 2006, plaintiff and Edmond Atelian borrowed $772,000 from World Savings, and executing a Deed of Trust pledging the Property as security for the loan. (RJN, Ex. A.) The

Deed of Trust identifies World Savings as the lender and beneficiary. (RJN, Ex. A.) World Savings changed its name to Wachovia Mortgage, FSB. (RJN, Ex. C.) Wachovia Mortgage, FSB was converted to Wells Fargo Bank Southwest, N.A. and then was merged into Wells Fargo Bank, N.A. (RJN, Ex. E.) The Notice of Default directs all inquiries relating to the foreclosure to Wells Fargo Bank, N.A., a/k/a Wachovia Mortgage, a division of Wells Fargo Bank, N.A., and f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB. (RJN, Ex. F.)

In her complaint, plaintiff acknowledges that in 2010, she contacted Wachovia regarding a loan modification and in 2012, she "began working with Wells Fargo representatives." (Compl., p. 11:5-9.) Thus, plaintiff's position that Wells Fargo has full authority to modify her loan and halt foreclosure proceedings, but lacks authority to initiate foreclosure proceedings following her admitted default, is frivolous.

**B. <u>Plaintiff's Securitization Allegations Do Not Support Her Claims.</u>**

Plaintiff disingenuously alleged that Wells Fargo lacks standing to foreclose based on the securitization of the loan and lack of possession of the original note. Many borrowers have raised these arguments in an attempt to forestall or undo a foreclosure, and many courts in California have rejected them as a matter of law.

In her complaint, plaintiff referenced the holding in *Glaski v. Bank of Am., N.A.*, 218 Cal. App. 4th 1079 (2013). (Compl., p. 8:20-22.) In *Glaski*, the court held that a borrower can assert a wrongful foreclosure claim based on a post-closing date transfer of a loan into a securitized trust under New York law. However, in a decision that preceded *Glaski*, it was held that borrowers lacked standing to enforce any agreements relating to the securitization of their loan. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013).

The court in *Jenkins* concluded that no legal basis exists for an action to challenge a lender's authority to initiate foreclosure. "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." *Id.* at 511. Indeed, "the statutory provisions . . . do not require that the foreclosing party have an actual beneficial interest in both the promissory note and deed of trust to commence and execute a nonjudicial foreclosure sale." *Id.* at 513. The *Jenkins* court further ruled that no actual controversy exists between a defaulted borrower and the lender who allegedly does not possess the note. "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." *Id.* at 515 (internal quotations omitted).

Recently, the court in *Siliga v. Mortgage Electronic Registration Sys., Inc.*, 219 Cal. App. 4th 75, 83 (2013), also observed that "California courts have refused to allow trustors to delay the nonjudicial foreclosure process by pursuing preemptive judicial actions challenging the authority of a foreclosing 'beneficiary' or beneficiary's 'agent.'" and ruled that the plaintiffs could not bring a preemptive suit challenging the defendants authority to foreclose.

Courts have also held consistently that a borrower cannot state "*any cause of action*" based on a post-closing assignment of a loan to a securitized trust in violation of the Pooling and Servicing Agreement ("PSA"). *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 147562, at *9 (E.D. Cal. Oct. 11, 2013) (emphasis in the original). *See Gutierrez v. U.S. Bank, N.A.*, 2013 U.S. Dist. LEXIS 14319, at *4 (C.D. Cal. Feb. 1, 2013) (stating that courts in the Ninth Circuit have "repeatedly rejected" claims predicated on a post-closing loan transfer to securitized trusts in violation of a PSA); *Shkolnikov v. JPMorgan Chase Bank*, 2012 U.S. Dist. LEXIS 177573, at ** 35-41 (N.D. Cal. Dec. 14, 2012) ("[t]he majority position is that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries

of the PSA"); *Junger v. Bank of America, N.A.*, 2012 U.S. Dist. LEXIS 23917, at **2-3, **6-9 (C.D. Cal. Feb. 24, 2012). These courts have reasoned that "because [borrowers] [are] not parties to the PSA, they lack standing to challenge the validity of the securitization process, including whether the loan transfer occurred outside the temporal bounds prescribed by the PSA."

In *Sandri v. Capital One, N.A. (In re Sandri)*, 2013 Bankr. LEXIS 4663, at **13-15 (Bankr. N.D. Cal. Nov. 4, 2013), the debtor relied on *Glaski* in asserting that any assignment of the Note that occurred after the closing date of the PSA was ineffective and therefore the defendants could not enforce the Note and DOT. The Court stated:

> The court disagrees, as *Glaski* is inconsistent with the majority line of cases and is based on a questionable analysis of New York trust law.
>
> *1. The Weight of Authority is Against Glaski.*
>
> While Glaski allowed a borrower to challenge foreclosure on the basis that a securitized mortgage trustee's attempt to accept the loan after a trust's closing date was void under New York law (the law governing the pooling and servicing agreement), it is an outlier. A majority of district courts in California have held that borrowers do not have standing to challenge the assignment of a loan because borrowers are not party to the assignment agreement. [Citing list of cases].

*Id.* (citations omitted). Indeed, as the Court noted in *Newman,* "no courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court [should] continue to follow the majority rule." *Newman*, *supra,* 2013 U.S. Dist. LEXIS 147562, at **9-10, n. 2, *citing Toneman v. United States*

*Bank*, 2013 U.S. Dist. LEXIS 98996, at **30-31 (C.D. Cal. June 13, 2013) and *Jenkins*, 216 Cal. App. 4th at 515. *See also Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 144326, at **22-24 (S.D. Cal. Oct. 3, 2013) (rejecting *Glaski*). Accordingly, plaintiff lacks standing to challenge Wells Fargo's authority to foreclose based on alleged defects in the alleged securitization of the loan.

Plaintiff's claim also fails because she has not alleged and cannot allege, any prejudice resulting from the alleged failure to timely transfer the note into the alleged securitized trust. As the Court stated in *Siligas,* "[s]eparate and apart from the foregoing, the [Plaintiffs] fail to allege any facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process. The [Plaintiffs] do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the [Plaintiffs'] obligations under the note, and there is no reason to believe that [the Lender] as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the [Plaintiffs] have no standing to complain about any alleged lack of authority or defective assignment." *Siliga*, 219 Cal. App. 4th at 85. Here, plaintiff has not alleged any facts showing that she is prejudiced by the foreclosure proceedings when she is in default on the loan payments. Thus, her claims lack merit.

**C. <u>Plaintiff Failed To Tender The Indebtedness.</u>**

Any claim to quiet title cannot lie in the absence of tender. *See Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). Absent from the complaint is a credible tender allegation.

## 6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS BECAUSE THE CONDUCT WAS NOT OUTRAGEOUS

The elements of a claim for Intentional Infliction of Emotional Distress are: "(1) outrageous conduct by defendant; (2) intention to cause or reckless disregard

of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress." *Bogard v. Employer's Cas. Co.*, 164 Cal. App. 3d 602, 616 (1985).

To satisfy the "outrageous conduct" element, a plaintiff must plead conduct "so extreme as to exceed all bounds of that usually tolerated in a civil community." *Yu v. Signet Bank*, 69 Cal. App. 4th 1377, 1397 (1999). As a matter of law, "[a]n assertion of legal rights in pursuit of one's own economic interests does not qualify as 'outrageous' under this standard." *Id.* at 1398.

*Girard v. Ball,* 125 Cal. App. 3d 772 (1981), was an action brought by a debtor against a creditor over what the plaintiff claimed were heavy handed collection tactics. The trial court granted the creditor's summary judgment on plaintiff's emotional distress claims. The appellate court affirmed, finding the creditor's conduct was a "privileged assertion of an economic interest in good faith . . . respondent's conduct was not outrageous nor extreme. Mailing . . . two written communications . . . [and making] some telephone requests for payment . . . do not even hint at the kind of conduct referred to in the cases discussing outrageous conduct." *Id.* at 787.

It appears that plaintiff is alleging that by seeking to sell the Property at public auction, Wells Fargo has damaged her. For a lender to make a loan and merely seek to enforce its terms cannot under any conceivable pleading made in good faith be deemed to be outrageous conduct.

### 7. PLAINTIFF'S FIFTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS FAILS BECAUSE LENDERS DO NOT OWE THEIR BORROWERS A TORT DUTY OF CARE

As the California Supreme Court has explained, "there is no independent tort of negligent infliction of emotional distress. [citation] The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). Negligent infliction of

emotional distress has the same elements as a claim for negligence. *Lawson v. Mgmt. Activities*, 69 Cal. App. 4th 626, 656 (1999). The threshold element of a negligence cause of action is the existence of a duty of care. *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992). The existence of a duty is a legal issue. *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 478 (1996).

A bank's tort duty of care, even to its own customers, is exceedingly limited. A financial institution such as Wells Fargo owes no tort duty of care to its borrower when its involvement in the loan transaction does not exceed the scope of its traditional role as a lender. *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id.* (quoting *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980)). Similarly, courts have acknowledged that lenders do not owe their customers a fiduciary duty:

> It has long been regarded as "axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor." [citation] "A debt is not a trust and there is not a fiduciary relation between a debtor and a creditor as such." [citation] *The same principle should apply with even greater clarity to the relationship between a bank and a its loan customers*.

*Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (emphasis added) (citations omitted); *see also Nymark*, 231 Cal. App. 3d at 1093 ("The relationship between a lending institution and its borrower-client is not fiduciary in nature.").

Here, nothing in plaintiff's charging pleading suggests that Wells Fargo exceeded a lender's traditional role in its dealings with a borrower or that it undertook fiduciary obligations. Therefore, as a matter of law, Wells Fargo did not owe plaintiff a duty of care and her claim fails.

**8. NEGLIGENCE FAILS BECAUSE THE LACK OF A SUPPORTING DUTY**

According to plaintiff, "Defendants owe a duty to Plaintiff to adequately disclose information to Plaintiff regarding the loan and to act in accordance with banking industry practice, statute and regulations." (Compl., ¶ 85.)

"The determination of whether a duty exists is primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996).

A lender does not owe a borrower a tort duty of care. *Nymark*, 231 Cal. App. 3d at 1095 ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.") Just recently, in *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67-68 (2013), the court held, "[w]e conclude a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money. . . The *Biakanja* factors do not support imposition of a common law duty to offer or approve a loan modification… [or] a duty of care to handle [a borrower's] loan in such a way to prevent foreclosure and forfeiture of his property." All the conduct pleaded in the complaint reveals nothing more than a lender/borrower relationship.

**9. PLAINTIFF'S OVERLAPPING FRAUD CLAIMS (SEVENTH – TENTH) FAIL BECAUSE THEY LACK SPECIFICITY, THEY ARE NOT PREMISED ON MISREPRESENTATIONS OF PAST OR EXISTING MATERIAL FACTS AND THE LACK RELIANCE**

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, fraud allegations are subject to a higher pleading standard, and must be specifically pled. *Glen Holly Entm't, Inc. vs. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093-1094

(C.D. Cal. 1999). Rule 9(b) serves to furnish the defendant with notice, but also imposes the additional obligation on the plaintiff to "aver with particularity the circumstances constituting the fraud."

To state a fraud claim, a plaintiff must allege: (i) a false representation of a material fact, (ii) knowledge of its falsity, (iii) intent to defraud, (iv) actual and justifiable reliance, and (v) resulting damage. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). In addition, to assert a fraud against a corporation, a plaintiff must also allege the names of the person or persons who allegedly made the fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal. App. 4th 153, 157 (1991). "Plaintiffs must not only specify how alleged statements were false, but must specify how statements were false when they were made." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 U.S. Dist. LEXIS 42333, at * 16 (E.D. Cal. April 18, 2011).

In her charging pleading, plaintiff summarizes the basis of her fraud claims as follows:

> Beginning in 2010 and continuing to the present, Defendant Wells Fargo promised Plaintiff the following:
>
> - The note secured by the 1st deed of trust on Plaintiff's property would be able to be modified if they submitted the necessary paperwork;
> - That Plaintiff could only work with Wells Fargo to get a loan modification for her property;
> - That until the loan modification review process was completed a Trustee's Sale would not be conducted on Plaintiff's property.

(Complaint, p. 22:23-28.)

**A. The Claim Lacks Specificity**

In addition to failing to identify the person(s) making the representations, plaintiff failed to allege whether the representations were written or oral. Additionally, the representations that the trustee's sale would not take place is not enough. "Fraud is never presumed. So in the instant case, if the plaintiff would charge the defendant corporation with making fraudulent misrepresentations it was necessary for him to allege the name of the person who spoke, his authority to speak, to whom he spoke, what he said or wrote, and when it was said or written." *Mason v. Drug, Inc.*, 31 Cal. App. 2d 697, 703 (Cal. App. 1939). Plaintiff did not identify the purported agents' authority to bind Wells Fargo.

**B. Several Of The Challenged Representations Were Not Misrepresentations Of Existing Material Facts.**

All of the purported representations are premised on Wells Fargo's alleged failure to undertake prospective actions. Wells Fargo's purported representations concerning plaintiff's ability to modify the loan in the future, and that it was going to reschedule the trustee's sale, were clearly representations regarding future events. *See Richard P. v. Vista Del Mar Child Care Service*, 106 Cal. App. 3d 860, 865 (1980) ("Fraudulent representations, to constitute ground for relief, must be as to existing and material facts."). In fact, plaintiff effectively concedes that the representations related to future events. According to plaintiff, "Defendants did not intend to proceed with a loan modification . . ." (Compl., p. 23:2-3.) Plaintiff therefore contends that when defendants made the challenged representations, they knew that they would not abide by those representations in the *future*.

"In alleging fraud, there is an obvious difference between a statement that loan modification 'could' happen, and, on the other hand, representing that loan modification 'would' happen. The first is a statement of opinion . . ." *Becker v. Wells Fargo Bank, N.A., Inc.*, 2011 U.S. Dist. LEXIS 29687, at ** 32-33 (E.D. Cal. Mar. 21, 2011). The purported misrepresentations involve future events, as

opposed to representations of past or existing facts.

**C. Plaintiff's Concealment Allegations Are Lacking.**

By way of her ninth claim, plaintiff generically alleged that defendants suppressed and concealed unspecified information "so that they could gain an advantage holding Plaintiff's foreclosure over her so that she would cooperate with and further Defendant's plans to cause Plaintiff to go further into default, thereby preventing her from obtaining any chance of escape." (Compl., p. 28:21-24.)

When there is a duty to disclose information, a material concealment or misrepresentation *may* amount to fraud. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 189 (1971). However, a *fiduciary duty* is the linchpin of such a claim. "Although material facts are known to one party and not the other, failure to disclose them is ordinarily not actionable fraud unless there is some fiduciary relationship giving rise to a duty to disclose." *Weiner v. Fleishman*, 54 Cal. 3d 476, 483 (1991).

As his lender, Wells Fargo did *not* owe plaintiff a fiduciary duty. In *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010), the court held that a lender does not owe its borrower a fiduciary duty – a loan transaction is considered an "arm's length" transaction and the lender "pursues its own economic interests in lending money." A fiduciary duty does not exist because a lender's right to pursue its own economic interests in a loan transaction "is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." *Nymark*, 231 Cal. App. 3d at 1093, n. 1 (1991) (citations omitted).

Due to the absence of any "special" or "fiduciary" relationship between a lender and its borrower, there is also no duty to disclose. *Camillo v. Washington Mutual Bank, F.A.*, 2009 U.S. Dist. LEXIS 100077, at **21-22 (E.D. Cal. Oct. 29, 2009) (fraudulent concealment claim could not be stated by borrower against lender because the lender did not owe the borrower any duty to disclose.).

### D. The Absence Of A Duty Is Fatal to Plaintiff's Negligent Misrepresentation Claim.

Plaintiff's tenth claim is styled as "Fraud and Deceit – Negligent Misrepresentation." (Compl., p. 29:20-21.) Negligent misrepresentation is a species of fraud and thus plaintiffs' claim must meet the heightened pleading standard of particularity. *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173-74 (2003); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). "This means the who, what, when, where, and how . . ." *Glen Holly Entm't, Inc. vs. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093-1094 (C.D. Cal. 1999). The only difference with a negligent misrepresentation claim is there is no requirement of intent to defraud or induce reliance. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Moreover, like any negligence claim, the tort of negligent misrepresentation requires a duty of care. *Eddy v. Sharp,* 199 Cal. App. 3d 858, 864 (1988).

The absence of a duty owed by Wells Fargo is fatal to plaintiffs' negligent misrepresentation claim. *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (a loan transaction is considered an "arm's length" transaction and the lender "pursues its own economic interests in lending money.")

## 10. PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM MUST FALL

In her eleventh claims, plaintiff contends Wells Fargo advised her that a trustee's sale would not take place while she was being considered for a loan modification review. In reliance on this statement by Wells Fargo, plaintiff agreed to have her loan reviewed for modification." (Compl., ¶ 136.).

"The elements of a claim for promissory estoppel are: '(1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages.'" *Poway Royal Mobilehome Owners Ass'n. v. City of Poway*, 149 Cal. App. 4th 1460, 1471 (2007). The promise must be clear and unambiguous in its terms. *Garcia v. World Savs., FSB*, 183 Cal. App. 4th 1031, 1044 (2010). "To be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the

limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006).

**A. Plaintiff Failed To Establish A Clear Promise.**

The law is clear that the representations must amount to a "promise clear and unambiguous in its terms." *Laks v. Coast Fed. Savs. & Loan Assn.*, 60 Cal. App. 3d 885, 890 (1976). "To be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006).

That a loan modification would be *considered* by Wells Fargo is hardly a "clear and unambiguous" promise. There was no promise to modify plaintiff's loan, there is no indication as to what terms a loan modification would be offered to plaintiff or whether those terms would be acceptable. Accordingly, the purported promise is not capable of enforcement by the court.

**B. Plaintiff Cannot Establish Justifiable Reliance.**

The law is clear that plaintiff must allege that she detrimentally relied on Wells Fargo's purported promise. *Newgent v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476, at *17 (S.D. Cal. March 2, 2010).

In *Newgent*, the Court rejected a reliance allegation that went much further than plaintiffs' current contention. In that case, the plaintiff alleged that if Wells Fargo did not orally agree to delay the trustee's sale, she would have undertaken legal actions to delay the sale. In rejecting that allegation, the court held that "Plaintiff does not, however, allege facts that could establish that Plaintiff would have been successful in delaying the foreclosure sale, renegotiating her loan, and retaining possession of the home." *Id.*

In *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010), the plaintiffs alleged that the lender advised them that the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

trustee's sale had been cancelled and that they should provide more information relating to their loan modification application. Dissimilar to the instant action, in Guerrero "Plaintiffs allege that they would have reinstated the loan prior to expiration of the reinstatement period if they were informed that the trustee's sale would proceed." *Id*. at * 4. Granting the lender's motion to dismiss the estoppel claim, the Guerrero Court held that "Plaintiffs allege they detrimentally relied on defendant's promise to postpone the foreclosure sale. However, as Defendant asserts, these allegations are conclusory and even if interpreted in Plaintiffs' favor do not sufficiently state detrimental reliance. For example, plaintiffs fail to allege facts that could establish that Plaintiffs would have been successful in renegotiating their loan and retaining the Property." *Id*. at *12.

In the instant action, plaintiff failed to allege facts that establish that she would have been successful in retaining the Property.

## 11. PLAINTIFF'S FINAL CLAIM FOR RELIEF FOR VIOLATION OF BUS. & PROF. CODE § 17200 IS NOT LINKED TO ANY WRONGFUL CONDUCT

### A. Plaintiff Failed To Plead The Required Elements.

An Unfair Competition Law ("UCL") claim requires the pleading of some business practice that is forbidden by law, with particular facts showing ongoing unlawful, unfair, and fraudulent business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

The "unlawful" prong borrows statutory or constitutional claims from elsewhere. *Melegrito v. CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 60447 at * 24 (N.D. Cal. June 6, 2011). "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." *Ingels v. Westwood One Broadcasting Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (citations omitted).

Plaintiff's Twelfth Claim for Relief is devoid of a specific allegation that Wells Fargo's actions were unlawful. Instead, plaintiff parroted her prior allegations. According to plaintiff, "[b]y virtue of the conduct hereinabove alleged, *inter alia*, Defendants have engaged in unfair business acts and practices . . ." (Compl., p. 32:26-27.) As conclusively established above, plaintiff's claims premised on Wells Fargo's standing to foreclosure and her fraud claims are not actionable.

In her UCL claim, plaintiff also articulated her objections regarding the origination of the loan. According to plaintiff, "Defendants' actions in implementing and perpetrating their fraudulent scheme of inducing Plaintiff to accept mortgages based on inflated valuations and undisclosed disregard of their own underwriting standards . . ." (Compl., p. 33:1-3.)

Any claim disputing the loan terms is time-barred by the three-year statute of limitations under California Code of Civil Procedure § 338(d). In June 2006, plaintiff's loan closed. (RJN, Ex. A.) Accordingly, any claim for fraud disputing the origination of the loan and its terms expired in June 2009.

The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). As explained in *Cel-Tech,* the "unfair" prong applies to business practices that offend an established "public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* at 184 (citations omitted). Furthermore, the "unfair" business practice must be "tethered" to a constitutional provision, statute or regulation. *Id.* at 185.

Once again, other than general allegations, plaintiff appears to link the "unfair" prong to the 2006 loan origination. However, as conclusively established above, plaintiff's claims are and not actionable, and therefore they cannot support

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

the "unfair" prong of Section 17200.

The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008). It must be shown that members of the public "are likely to be deceived." *Saunders v. Superior Court,* 27 Cal. App. 4th 832, 839 (1994). Further, a plaintiff "must plead a claim for fraudulent behavior under the UCL with particularity as required by Rule 9(b)." *Martinez v. Welk Group, Inc.*, 2011 U.S. Dist. LEXIS 58718, at *22 (S.D. Cal. June 2, 2011) (Citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)). As noted above, plaintiff's fraud claim is not actionable.

**B. Plaintiff Lacks Standing To Assert An Unfair Competition Claim.**

Notably, a "[P]rivate person has no standing under the UCL unless that person can establish that the injury suffered and the loss of property or money resulted from conduct that fits within one of the categories of 'unfair competition'. . ." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007). Plaintiff has not alleged, nor has she suffered, an injury in fact or lost money or property as a result of Wells Fargo's alleged unfair competition or unfair business practices. There is an absence of any causation of actual loss. *See Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 856 (2008). If plaintiff suffered any loss it was not caused by Wells Fargo's alleged conduct.

**12. PLAINTIFF'S COMPLAINT IS NOT PLED WITH THE REQUISITE DEGREE OF PARTICULARITY**

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims."

*Collier v. Aramark Food Servs.*, 2011 U.S. Dist. LEXIS 78121, at * 6 (E.D. Cal. July 18, 2011).

Should any of plaintiff's claims survive the 12(b)(6) challenge, Wells Fargo requests, in the alternative, that the Court require a more definite statement from plaintiff pursuant to Federal Rule of Civil Procedure 12(e).

## 13. CONCLUSION

For each of the foregoing reasons, Wells Fargo respectfully requests that the Court dismiss plaintiff's complaint in its entirety.

Respectfully submitted,

Dated: February 27, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ O. Andrew Wheaton
O. Andrew Wheaton
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

*Attorneys for*

John A. Holman
Holman & Martin
P.O. Box 2664
San Anselmo, CA 94979

Telephone (415) 446-8539
Email: johnholman99@yahoo.com

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on February 28, 2014.

| Rachelle Guillory | */s/ Rachelle Guillory* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |