O. Andrew Wheaton (# 151811)
awheaton@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

CYNTHIA A. ZIEMER,

Plaintiff,

v.

WELLS FARGO BANK, N.A., CAL-WESTERN RECONVEYANCE CORPORATION and DOES 1 through 20, inclusive, and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs' title, or cloud on Plaintiffs' title thereto, named as DOES 21-100, inclusive,

Defendants.

CASE NO.: 2:14-cv-01334-RGK-JCG

DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Date: May 5, 2014
Time: 9:00 a.m.
Ctrm: 850

[Assigned to the Honorable R. Gary Klausner]

TO PLAINTIFF CYNTHIA ZIEMER AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 5, 2014 at 9:00 a.m. in Courtroom 850 of the above-entitled court, located at 255 East Temple Street, Los Angeles, California, the Honorable R. Gary Klausner presiding, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") will move, pursuant to Federal Rules of Civil Procedure Rule 12(f), for an order

striking the following portions of plaintiff's complaint:

1. That portion of paragraph 77, which reads: "As a proximate result of the acts of Defendants, Plaintiff suffered mental anguish and emotional distress along with chronic sleep deprivation, bouts deep depression, inability to concentrate, and inability to work to her fullest potential."

2. That portion of Paragraph 78, which reads: "The aforementioned acts of Defendants were willful, wanting, fraudulent, malicious and oppressive . . . and such conduct justifies the award of exemplary punitive damages in order to punish Defendants and deter them and others from conducting themselves in the same manner."

3. That portion of Paragraph 82, which reads: "As a proximate result of the negligence of Defendants, Plaintiff was rendered chronically repressed and experienced great anxiety and sleeplessness, as well as great disturbance, shock and injury to her nervous system, all of which caused and continues to cause great, physical and mental pain and suffering . . . ."

4. That portion of Paragraph 111, which reads: "The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact . . .and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages."

5. That portion of Paragraph 155, which reads: "As a result of the Defendants' unfair competition, . . . interest payments made by Plaintiff, fees paid to Defendants, including, without limitation, the excessive fees paid . . . ."

6. Prayer for Relief, on the Fourth Cause of Action, paragraph 2, which reads: "For medical and related expenses according to proof at time of trial."

7. Prayer for Relief, on the Fourth Cause of Action, paragraph 3, which reads: "For exemplary and punitive damages according to proof at time of trial."

8. Prayer for Relief, on the Fifth Cause of Action, paragraph 1, which reads: "For general damages according to proof."

9. Prayer for Relief, on the Fifth Cause of Action, paragraph 2, which reads: "For special damages according to proof."

10. Prayer for Relief, on the Sixth Cause of Action, paragraph 1, which reads: "For compensatory damages in the amount to be proved at time of trial."

11. Prayer for Relief, on the Sixth Cause of Action, paragraph 2, which reads: "For exemplary and punitive damages according to proof."

12. Prayer for Relief, on the Seventh Cause of Action, paragraph 1, which reads: "For general damages in an amount according to proof."

13. Prayer for Relief, on the Seventh Cause of Action, paragraph 2, which reads: "For special damages for in an amount according to proof."

14. Prayer for Relief, on the Seventh Cause of Action, paragraph 3, which reads: "For punitive damages in an amount appropriate to punish Defendant(s) and deter others from engaging in similar conduct.

The grounds for the motion, which is brought pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, are that: (i) plaintiff fails to plead facts sufficient for an award of punitive damages pursuant to California Civil Code §§ 3294(a), (b), and (c); (ii) plaintiff is not entitled to damages for emotional distress and (iii) plaintiff is not entitled to damages for violation of California Business & Professions Code section 17200, *et seq*. Accordingly, the above-quoted paragraphs are immaterial and should be stricken.

**Compliance with Local Rule 7-3.** Prior to filing this motion, attempts were made to conduct a conference of counsel pursuant to L.R. 7-3. In particular, on February 21 and 24, 2013, unsuccessful attempts were made to meet and confer with opposing counsel to discuss the substance Wells Fargo's contemplated

motion. Wells Fargo's counsel's efforts under Local Rule 7-3 failed to yield a resolution of the issues in dispute.

Respectfully submitted,

Dated: February 27, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ O. Andrew Wheaton
O. Andrew Wheaton
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

This action arises out of a secured loan made by World Savings Bank, FSB ("World Savings") to plaintiff to finance the purchase of a home located in Goleta, California. After plaintiff defaulted on the loan, World Savings' successor, Wells Fargo Bank, N.A. ("Wells Fargo"), initiated foreclosure proceedings.

On January 23, 2014, the instant action was commenced, which is the second action brought by plaintiff, premised on the contentions that: (a) in December 2006, the terms of the loan were not fully explained to plaintiff; and (b) Wells Fargo lacks standing to foreclose on the subject property.

Twelve claims for relief are pleaded in plaintiff's complaint, wherein plaintiff requests punitive and other damages to which she is not entitled, and which are not pled in conformity with well-settled law.

As briefed below, the quoted portions of the complaint are immaterial and should be stricken

### 2. PLAINTIFF FAILS TO PROPERLY PLEAD PUNITIVE DAMAGES AGAINST WELLS FARGO

Plaintiff fails to properly allege punitive damages against a "corporate employer" pursuant to California Civil Code § 3294(b). That statute provides:

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

> ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

The statute requires "malice among corporate leaders," specifically its "leadership group of 'officers, directors, and managing agents.'" Otherwise, "ratification" is mandatory. Even "ratification" requires "actual knowledge" that the renegade employee acted "maliciously." *Cruz v. Homebase*, 83 Cal. App. 4th 160, 167-168 (2000). In other words, a plaintiff must plead that an officer, director or managing agent of Wells Fargo either directed, or knew of and then ratified, the purported conduct giving rise to the punitive damages.

*Scannell v. County of Riverside*, 152 Cal. App. 3d 596, 614 (1984), makes this a pleading issue, not just an issue of proof at trial:

> It is true, as contended by defendant, that plaintiff has not pleaded that acts of employees of defendant corporation were done with the knowledge or under the express direction or ratification of an officer, director or managing agent of the corporation so as to justify exemplary damages against the corporation. (Civil Code § 3294.) Hence, defendant's motion to strike allegations pertaining to exemplary damages in this cause of action should have been granted…

In *McMurray v. Merck & Co.*, 2007 U.S. Dist. LEXIS 39098, at *6 (N.D. Cal. May 17, 2007), the district court relied on the *Scannell* decision to strike punitive damage claims for failure to plead that the alleged wrongful conduct was authorized by an officer, director or managing agent.

Here, plaintiff's requests for punitive damages should be stricken because she is not entitled to them. Wells Fargo (then World Savings) made a loan to plaintiff, as permitted by law. For a bank to make a loan and merely seek to enforce its terms cannot, under any conceivable pleading made in good faith, entitle the borrower to punitive damages, whether or not the pleading becomes

more particular.

Plaintiff pleads no facts, as contrasted with conclusions, suggesting that any purported "oppression, fraud, or malice" was committed by an "officer, director, or managing agent of the corporation." Plaintiff pleads no facts showing that Wells Fargo had advance knowledge of any "unfitness of the employee and then employed him or her with a conscious disregard of the rights or safety of others." Furthermore, plaintiff pled no facts showing that Wells Fargo "authorized or ratified the wrongful conduct for which the damages are awarded." Because the Complaint does not meet the statutory elements of California Civil Code § 3294(b), an order should be issued striking the punitive damage allegations.

**3. PLAINTIFF PLEADS NO FACTS THAT EVEN HINT AT MALICE, OPPRESSION OR FRAUD ON THE PART OF WELLS FARGO**

Plaintiff likewise fails to comply with California Civil Code § 3294, subsections (a) and (c), which require facts showing malice, oppression or fraud to be pled. California Civil Code § 3294(c)(1) defines malice as conduct "intended by the defendant to cause injury to the plaintiffs or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." The complaint must plead facts showing an "evil motive," which "is the central element of the malice which justifies an exemplary award." *G. D. Searle v. Superior Ct.*, 49 Cal. App. 3d 22, 29-30 (1975). The threshold for pleading and proving "malice" is high:

> The malice required implies an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others. There must be an intent to vex, annoy or injure. Mere spite or ill will is not sufficient; and mere negligence, even gross negligence is not sufficient to justify an award of punitive damages.

*Ebaugh v. Rabkin*, 22 Cal. App. 3d 891, 894 (1972).

Plaintiff, however, pleads no facts that even hint at, let alone describe, a "spirit of mischief" or "criminal indifference" on the part of Wells Fargo.

California Civil Code § 3294(c)(2) defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." A plaintiff must plead facts showing "despicable conduct"; "conduct so vile, base, contemptible, miserable, wretched, or loathsome that it would be looked down upon and despised by ordinary decent people." *Mock v. Miller's Mut. Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992) (holding that the definition of "despicable conduct" under "oppression" applied to meaning of "malice" as well). The same is true with the pleading of "fraud," which is defined as an "intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3). As more fully explained in the concurrently-filed Motion to Dismiss, plaintiff fails to state any claim for fraud.

## 4. PLAINTIFF IS NOT ENTITLED TO EMOTIONAL DISTRESS DAMAGES

Plaintiff alleges "emotional distress" damages. (Compl., ¶¶ 77-78, 82.) However, a preexisting contractual relationship will not support recovery for mental suffering where the defendant's tortious conduct has resulted in only economic injury to the plaintiff. *Smith v. Superior Ct.*, 10 Cal. App. 4th 1033, 1040, fn. 1. (1992). "[I]n the absence of physical injury, the courts have never allowed recovery of damages for emotional distress arising solely from property damage or economic injury to the plaintiff." *Butler-Rupp v. Lourdeaux,* 134 Cal. App. 4th 1220, 1228 (2005) (citation omitted).

//

//

Since this action arises from home loan made to plaintiff, and there was no alleged physical injury, plaintiff is not entitled to damages for any alleged emotional distress.

**5. PLAINTIFF IS NOT ENTITLED TO DAMAGES FOR A BUSINESS & PROFESSIONS §17200 CLAIM**

Plaintiff is not entitled to recover damages for any alleged violation of California Business & Professions Code § 17200. The only remedies available to a private litigant under this statutory scheme are equitable in nature -- injunctive relief and restitution. Cal. Bus. & Prof. Code § 17206(a); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-45 (2003); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939 (2002) (in a UCL claim, a private plaintiff's remedies are generally limited to injunctive relief and restitution); 11 Witkin, *Summary of California Law* (9th Ed. 1990) "Equity" § 95, pg. 776. As the California Supreme Court noted in *Cortez v. Purolater Air Filtration Products Company*, 23 Cal. 4th 163 (2000):

> A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices. *It is not an all-purpose substitute for a tort or contract action.* "*[D]amages are not available under section 17203 [Citations]*." *Id*. at 173 (emphasis added).

Accordingly, the requests for money damages that appear in the body of the complaint should be stricken.

//

//

//

//

//

## 6. CONCLUSION

For all the foregoing reasons, Wells Fargo respectfully requests an order striking the requested portions of plaintiff's complaint.

Respectfully submitted,

Dated: February 27, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ O. Andrew Wheaton
O. Andrew Wheaton
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiff*

John A. Holman
Holman & Martin
P.O. Box 2664
San Anselmo, CA 94979

Telephone (415) 446-8539
Email: johnholman99@yahoo.com

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on February 28, 2014.

| Rachelle Guillory | */s/ Rachelle Guillory* |
| --- | --- |
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP